UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WENDELL E. BOYD, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 1:14-0146 |
| v. | ) Senior Judge Haynes/Brown |
| | ) **Jury Demand** |
| REED LANDSCAPING, INC., | ) |
| | ) |
| Defendant | ) |

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.**

### REPORT AND RECOMMENDATION

Presently pending is the parties' motion for partial summary judgment (Docket Entry 51). The motion is supported by a memorandum with exhibits that come to almost 750 pages. The response, including exhibits, is approximately 180 pages, and the reply and its supporting documents are another 13 pages. The parties' concise statement of facts has been of little assistance to the Court since the statements themselves are for the most part not concise statements of facts, but rather, compound statements including statements of judgment, opinion, and legal argument. The responses for the most part have been lengthy arguments and objections. At times, rather than simply saying "denied" with a citation to the record, the responding party has gone on for several paragraphs, making a legal argument. None of this helps the Court determine what facts are in dispute and which are not.

For the purpose of this report and recommendation it appears that the Plaintiff worked for the Defendant for a substantial period of time without a clear written contract or other

written document for what hours he would actually work per week. The only thing it appears that the parties actually agreed on was that he would be paid $1,000 per week, and toward the end of the employment, was paid an additional $100 a week as a travel allowance. There are no written documents as to the number of hours he was actually expected to or was scheduled to work beyond 40 hours. The Plaintiff and Defendant are in sharp disagreement as to what his total hours per week were. It does appear that there was some general understanding that it would be somewhere near 55 hours per week, but the figure was never set in stone.

It further appears that there was a Department of Labor (DOL) investigation as to whether the company's employees were properly classified as exempt. During the course of that investigation the Department of Labor determined that the Plaintiff was not properly classified as exempt and was entitled to unpaid overtime wages. Ms. Reed was notified of this finding on the afternoon of April 15, 2014. Following the notification, Ms. Reed asked the Plaintiff about his discussion with DOL and expressed her displeasure about the matter.

The next morning, on April 16th, Ms. Reed terminated the Plaintiff and provided him a written statement of the reasons given for his termination (Docket Entry 52, Exhibit 7). The statements and deposition excerpts provided of the testimony and statement of Ms. Reed and the Plaintiff are poles apart about what was exactly said during the discussion.

The DOL proposed a back pay gross amount of $8,538.26 as the proper amount (Docket Entry 52-10). Rather than pay this amount the Defendant proposed a reduction in the gross amount by subtracting eight hours a day for days where time sheets were not otherwise available. This would result in a gross amount of overtime wages of $4,835, which after withholdings would result in an amount of $3,994 (Docket Entry 92-10, Page ID 744). The net amount was tendered to the Plaintiff and when he did not accept it, the amount was tendered to DOL and DOL cashed the check. The Plaintiff has never agreed to accept that amount to resolve his claim. This litigation then ensued.

## STANDARD OF REVIEW

The one thing the parties do seem to agree on is the standard of review for summary judgment. The well-known standard is as follows:

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon

which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## LEGAL ANALYSIS

Given the short temporal time between the DOL notification that the Plaintiff was in their opinion improperly paid to the Plaintiff's termination, the Plaintiff would certainly be in a strong position had the Defendant filed a motion for summary judgment. However, applying the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), shifting burden test, the burden of establishing that the "but for" reason for termination of the Plaintiff was his complaint to DOL and the DOL's determination that he was entitled to back pay remains on the Plaintiff. There are sufficient disputed facts that make this a jury question. *Eckerman v. Tennessee Dept. of Safety*, 636 F.3d 202, 209 (6th Cir. 2010). Based on the record, the Plaintiff may well be able to establish to the satisfaction of the jury that his termination was because of the action by DOL. However, the evidence is not so conclusive that the

4

Magistrate Judge can conclude as a matter of law that no reasonable jury could find for the Defendant on this issue.

Turning now to the issue of whether the overtime amount can be determined by a motion for partial summary judgment, the Magistrate Judge believes that the factual record needs to be developed at trial. There are numerous statements by the parties as to the amount of hours the plaintiff was expected to work. Unfortunately there is no conclusive evidence on the actual number of hours to be worked or even actually worked. There is no way on summary judgement to determine the number of hours worked. Without that the rate per hour cannot be determined on summary judgement, or the pay per hour. As Senior Judge Haynes noted in *Cowan v. Treetop Enterprises*, 163 F. Supp. 2d 930 (M.D. Tenn. 2001), 939, it is necessary to determine the agreed upon work hours in order to determine the employee's regular hourly rate of pay in order to determine the rate of pay for overtime. In the *Cowan* case that amount of hours expected to be worked was determined after a trial on the facts. The Magistrate Judge believes that the same is required in this case. It may well be that the facts establish either a 50 or a 55 hour week, or some other amount. Once the number of hours is determined, then an hourly rate can be calculated and the amount of hours worked in excess of that can be calculated at the appropriate time and a half rate. At this point the amount worked per week is in sharp dispute. Some weeks appear to have records that support a specific number of hours worked that week. Other weeks do not have any records. While the burden is on the

Defendant to maintain records of hours worked the court cannot determine that from this record as a matter of law. Fact finding in this case remains for the jury.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for partial summary judgment be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 27th day of April, 2016.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge